IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEQUAN STOKES,
    *Petitioner*,

v.

UNITED STATES OF AMERICA,
    *Respondent*.

Criminal No. ELH-18-0316
Related Civil No.: ELH-19-2493

**MEMORANDUM**

Dequan Stokes, who is now self-represented, has filed a post-conviction petition under 28 U.S.C. § 2255, challenging his convictions for unlawful possession of a firearm and possession of a firearm in furtherance of drug trafficking. ECF 42 (the "Petition"). In the underlying criminal proceedings, Stokes was represented by the Office of the Federal Public Defender ("OFPD"). In his Petition, Stokes asserts that his attorney rendered ineffective assistance of counsel.

Among other claims, Stokes asserts that his attorney failed to pursue a motion to suppress evidence recovered from a search of his vehicle after he was arrested. In his view, both the arrest and the search were unlawful. In addition, he complains that his attorney failed to seek suppression of custodial statements he made to investigating officers. Stokes also complains that, even if the suppression motions were unsuccessful, his lawyer could have negotiated a conditional plea under Fed. R. Crim. P. 11(a)(2), to preserve his appellate rights. ECF 42 at 11. Further, he contends that the Assistant Federal Public Defender ("AFPD") who represented him failed to recognize and discuss with him his actual innocence of a charge under 18 U.S.C. § 924(c), and failed to counsel him to proceed to trial, rather than plead guilty.

This Memorandum does not address the merits of the Petition. Rather, it addresses a dispute between government counsel and Stokes's former lawyer in regard to the government's

request for information from defense counsel, which it claims is needed to address the matters alleged in the Petition. No hearing is necessary to resolve the dispute. *See* Local Rule 105.6.

## I. Procedural Background[1]

Members of the Baltimore City Police Department arrested Stokes on the evening of March 10, 2018. ECF 26 at 11. Stokes was in the Hampden area of Baltimore City, a location populated with stores, bars, restaurants, and patrons. *Id.* The officers became suspicious of Stokes, and believed he was attempting to avoid detection. *Id.* They saw him exit his vehicle, which had a Georgia license plate, and run into a restaurant. *Id.* Stokes was eventually located, arrested, and taken back to his vehicle, where he was asked to produce a key for it. *Id.* A search of the vehicle ensued, and led to the recovery of a .40 caliber handgun with 10 live rounds in the magazine and one in the chamber. *Id.* at 12. In addition, over sixty vials of cocaine were recovered from the vehicle, weighing about 6.2 grams. *Id.*

Stokes was federally indicted on June 7, 2018. ECF 1. A superseding indictment was filed on July 12, 2018. ECF 4. Stokes was charged with possession of a firearm by a prohibited person, under 18 U.S.C. § 922(g)(1) (Count One); possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count Two); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Three).

On September 14, 2018, the AFPD filed a boilerplate motion to suppress statements (ECF 21) and a boilerplate motion to suppress tangible and derivative evidence. ECF 22. Those motions were never adjudicated, however. Instead, on November 21, 2018, Stokes entered a guilty plea to Counts Two and Three of the Superseding Indictment. ECF 29. The Plea Agreement (ECF 26)

---

[1] The Memorandum sets forth facts pertinent only to the dispute between counsel.

reflects that the plea was entered under Fed. R. Crim. P. 11(c)(1)(C), calling for a total period of incarceration of at least 84 months but not more than 120 months. *Id.* ¶ 9.

Sentencing was held on January 31, 2019. ECF 37. At sentencing, the Court imposed a term of imprisonment of 24 months as to Count Two, and the mandatory minimum sentence of 60 months, consecutive, as to Count Three, for a total term of imprisonment of 84 months.[2] That sentence corresponded to the bottom of the C plea range. *See* ECF 39.

Notably, Stokes was found to be a career offender. *See* ECF 30, ¶ 44. And, the advisory sentencing guidelines range called for a total period of incarceration of 262 to 327 months. *See* ECF 40; *see also* ECF 30, ¶ 93. Thus, the Court imposed a variant sentence.

Stokes filed his Motion to Vacate on August 28, 2019, pursuant to 28 U.S.C. § 2255. ECF 42. By Order of August 29, 2019, I directed the government to respond to the Petition within 60 days. ECF 43.

On October 9, 2019, the government filed a motion to require the AFPD to respond to inquiries from the government with respect to Petitioner's allegations of ineffective assistance of counsel, and to extend the time for the government's response to the Petition. ECF 48 (the "Motion"). The government included a proposed Order (ECF 48-2), along with documents filed collectively as one exhibit. ECF 48-1. According to the government, judges in this District have granted similar requests, as reflected in the government's submissions.

In the Motion, the prosecutor represented that he had previously contacted the AFPD to determine whether she would meet voluntarily with the government concerning Mr. Stokes's allegations. ECF 48 at 2. According to the government, the AFPD indicated that she would testify

---

[2] The offense carries a maximum term of life imprisonment. *See* ECF 26, ¶ 3.

at an evidentiary hearing, but she declined to otherwise provide information to the government responsive to its request. *Id.*

By October 28, 2019, neither the OFPD nor the AFPD had responded to the Motion. Therefore, I assumed that the OFPD and the AFPD had no objection to the request. Accordingly, on October 28, 2019, I signed the proposed Order submitted by the government, making only a minor modification. *See* ECF 49 ("Order").

The next day, October 29, 2019, the OFPD submitted a letter to the Court (ECF 50, "Motion to Reconsider"), supported by an exhibit (50-1), asking the Court to reconsider its ruling. And, on November 4, 2019, the OFPD supplemented its Motion to Reconsider, again asking the Court to revisit its Order compelling the OFPD to assist the government in responding to the Petition. ECF 51.

The government opposes the OFPD's Motion to Reconsider. ECF 52. It claims, *inter alia*, that Stokes has waived the attorney-client privilege as to the matters raised by his claim of ineffective assistance of counsel. Therefore, it believes the Order is appropriate. The government has submitted several exhibits in support of its position. *See* ECF 52-1 to ECF 52-7.

No reply has been filed by the OFPD, and the time to do so has expired. However, on November 25, 2019, Stokes filed a "Motion To Compel Counsel To Produce Client File." ECF 55. He "moves to support the government's motion in opposition to the Federal Public Defender's request." *Id.* at 1; *see also id.* at 2.[3]

---

[3] Mr. Stokes also seeks an order directing his trial counsel to return case files and "Jencks/Brady material" to him. And, he seeks a copy of ECF 50, which he claims he never received. ECF 55 at 1.

## II. Discussion

### A.

In his Petition, Stokes contends, among other things, that the AFPD failed adequately to investigate and pursue his motions to suppress. ECF 42 at 12.[4] Stokes also complains that his lawyer could have negotiated a conditional plea under Fed. R. Crim. P. 11(a)(2), in order to preserve his appellate rights as to the motions. *Id.* at 11, 13. In addition, he insists that there was no basis for a conviction under Count Three, 18 U.S.C. § 924(c), because the government "could never prove that the weapon 'furthered, advanced, or helped' the drug trafficking crime." *Id.* at 14. In this regard, Stokes maintains that the government could not prove the first element of the offense – that he "'used or carried a firearm'. . . ." *Id.* And, in his view, his trial counsel was ineffective in failing to make arguments concerning his actual innocence of the offense. *Id.* at 16.

In sum, the government maintains that it requires the requested information from defense counsel in order to refute these contentions. *See* ECF 48; ECF 52. And, it asserts that the information is no longer protected by the attorney-client privilege. *Id.* Therefore, the government urges the Court to uphold its Order of October 28, 2019.

The OFPD vigorously urges the Court to vacate its Order. It argues that it is readily apparent from the public docket that defense counsel did, in fact, file two motions to suppress. ECF 50 at 3. As a result, the OFPD claims that the government has no need for assistance from the OFPD to address Stokes's complaint concerning failure to file such motions. *Id.* In the view of the OFPD, "the government can adequately and appropriately respond to Mr. Stokes's allegations on the basis of public Court documents and proceedings. The merits of his claims

---

[4] Citations correspond to the electronic entries, rather than page numbers on the particular submissions.

concerning the filing of motions can be readily discerned from the filed motions themselves . . . as well as the thorough Rule 11 colloquy conducted by this Court." *Id.*; *see also id.* at 4.

Further, the OFPD identifies other cases where "[n]o input from defense counsel was sought or needed," despite allegations of ineffective assistance of counsel. *Id.* at 3. As to the actual innocence claim asserted by Mr. Stokes, the OFPD suggests that the claim "can be assessed in light of Mr. Stokes' plea agreement . . . together with the Rule 11 colloquy conducted by this Court. . . ." *Id.* at 4.

Moreover, the OFPD has expressed concern regarding the terms and scope of the Court's Order. In particular, it objects to any requirement that the OFPD "collaborate with prosecutors in defeating" the Section 2255 petitions of its clients, reasoning that this "would exact a substantial toll on the reputation and constitutional functions" of the OFPD in various ways. *Id.* at 4. In addition, the OFPD believes that the Order "will erode client trust" and compromise the OFPD's "role as independent advocates." *Id.*

Further, the OFPD complains that the government's "extensive demands are unduly burdensome and place defense counsel in an incredibly uncomfortable position." *Id.*; *see also id.* at 6. The OFPD argues colorfully: "It feels something like going after a mouse with a hand grenade when a simple glue trap would suffice." *Id.* at 5.

Nevertheless, the OFPD concedes, as it must, that "courts have found that raising a claim of ineffective assistance of counsel may effect a limited waiver of the attorney-client privilege." *Id.* at 6. Indeed, I am satisfied that, given the content of the Petition, Mr. Stokes has effected a limited waiver of the attorney-client privilege as to those communications and work product relevant to the specific allegations he has set forth in his Petition. *See, e.g.*, *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005); *Bittaker v.*

6

*Woodford*, 331 F.3d 715, 716 (9th Cir. 2003); *Johnson v. Alabama*, 256 F.3d 1156; 1179 (11th Cir. 2001); *Butler v. United States*, DKC-16-0330, 2016 WL 1427090, at *2 (D. Md. Apr. 12, 2016).

Contrary to the assertion of the OFPD, I cannot conclude from the mere filing of the suppression motions or the Rule 11 colloquy that the Court has sufficient information with which to address the many allegations advanced by Stokes concerning the alleged inadequate performance of the AFPD. Therefore, I agree with the government that further exploration of the performance of counsel and the legal advice provided to Stokes is necessary to resolve the claims in his Petition. Although an evidentiary hearing may prove necessary, that determination may well depend on information known to the AFPD. *See* ECF 52 at 6.

However, the waiver of privilege by Stokes is necessarily narrow. *See United States v. Nicholson*, 611 F.3d 191, 217 (4th Cir. 2010). Moreover, the Court must consider the ethical obligations of defense counsel, embodied in Maryland Rule 19-301.6.

As I see it, the Order is considerably broader than necessary, and runs afoul of the limited waiver of privilege. It is neither necessary nor appropriate for the AFPD "and any other relevant [OFPD] personnel to respond to inquiries from, and to assist the government in preparing for submission to the Court an affidavit addressing" Stokes's claims. ECF 49 at 2.

### III. Conclusion

For the reasons set forth above, I shall grant the Motion to Reconsider (ECF 50). And, the Order of October 28, 2019 (ECF 49) is hereby vacated.

A new Order follows.

Date: November 27, 2019           /s/
                                  Ellen L. Hollander
                                  United States District Judge

7